**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    *Respondent,*

vs.

JUSTIN TATUM,

    *Petitioner.*

Case No. 13-CR-10015-01-EFM

**MEMORANDUM AND ORDER**

    Before the Court is Petitioner Justin Tatum's Motion Pursuant to Rule 36, Federal Rules of Criminal Procedure and Rule 60(b)(2), (6), Federal Rules of Civil Procedure (Doc. 29). He seeks relief on the basis that the conditions of his supervised release were not made known to him at his sentencing hearing. For the reasons discussed below, the Court denies Tatum's motion.

    **I.    Factual and Procedural Background**

    On July 22, 2013, Petitioner pled guilty to three counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). On December 2, 2013, Petitioner was sentenced to 180 months' imprisonment, followed by a ten-year term of supervised release. At sentencing, rather than orally pronounce each condition of supervised release, the Court adopted the standard and special conditions of supervised release outlined in Petitioner's presentence report by incorporation. After confirming with Petitioner's counsel that counsel had discussed the

supervised release conditions with Petitioner, the Court asked Petitioner if he had any questions about the conditions. Petitioner stated that he did not. The written judgment, issued the next day, enumerated the conditions of Petitioner's supervised release. Now, nearly seven years after Petitioner's sentencing, Petitioner argues that because the Court did not orally pronounce each condition of supervised release at sentencing, the written judgment conflicts with the oral judgment, and the Court therefore must amend the written judgment to remove the supervised release conditions. He also briefly asserts a 28 U.S.C. § 2255 claim for ineffective assistance of counsel.

## II.     Legal Standard

Section 2255(a) of Title 28 of the U.S. Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[1] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] An evidentiary hearing is therefore not necessary where a § 2255

---

[1] *See Hatch v. Okla.*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[2] 28 U.S.C. § 2255(b).

motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Finally, Petitioner appears pro se. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[4] A pro se litigant is entitled to a liberal construction of his pleadings.[5] It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[6]

### III.     Analysis

#### A.     Petitioner's Request for Relief Is Untimely

Petitioner primarily argues that the Court erred in incorporating the conditions of Petitioner's supervised release by reference at sentencing. He asserts that because the Court did not orally pronounce each condition of supervised release, the Court's oral sentence conflicts with the written judgment, which enumerates each condition. He also briefly asserts that he received ineffective assistance of counsel, alleging that his counsel failed: (1) to discuss the presentence report with him prior to the night before sentencing; (2) to ensure that the Court's oral sentence matched the written judgment; and (3) to ensure that the Court orally pronounced Petitioner's supervised release conditions at sentencing.

---

[3] *See Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Turning to Petitioner's first argument, Petitioner asserts two theories under which the Court may amend his sentence. First, he contends that under the Federal Rules of Civil Procedure, the Court may relieve him of the final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" or "any other reason that justifies relief."[7] He also argues that under the Federal Rules of Criminal Procedure, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[8]

First, the Federal Rules of Civil Procedure are not applicable in criminal cases.[9] Thus, the Court need not consider Petitioner's argument regarding Rule 60. Second, Rule 36 of the Federal Rules of Criminal Procedure is also inapplicable. Petitioner does not allege that a clerical error in the judgment occurred, but rather, argues that his sentence is invalid because he was purportedly not adequately informed of his conditions of supervised release. Thus, his claim is not proper under Rule 36.[10]

Although courts may recharacterize improper civil motions as 28 U.S.C. § 2255 motions,[11] the Court need not do so as a § 2255 motion would be untimely. Under § 2255, petitioners must bring their claims within one year of certain enumerated events, two of which are relevant here:

---

[7] Fed. R. Civ. P. 60(b)(2), (6).

[8] Fed. R. Crim. P. 36.

[9] *United States v. Graham*, 248 F. App'x 929, 931 (10th Cir. 2007) (agreeing with the district court that Rule 60(b) is not applicable in criminal cases).

[10] *See United States v. Allison*, 531 F. App'x 904, 905–06 (10th Cir. 2013) (noting, in a nearly identical case, that the petitioner could not "sidestep" normal appellate and post-conviction procedures by reclassifying a constitutional error as clerical).

[11] *See Graham*, 248 F. App'x at 931 (noting that, where appropriate, courts may recharacterize improper Fed. R. Civ. P. 60(b) motions as 28 U.S.C. § 2255 motions).

"the date on which the judgment of conviction becomes final" and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[12]

Petitioner's conviction was finalized in December 2013, and thus, his claim, filed in September 2020, is well outside the § 2255 limitation period. Although Petitioner argues that he did not discover the alleged discrepancy between the oral and written judgment until March 18, 2020, when he requested a copy of his sentencing transcript, Petitioner provides no basis for his assertion that he could not have discovered this alleged error within the one-year limitation period. Petitioner had the ability to request copies of his presentence report, final judgment, and sentencing transcript at any time following the entry of judgment. With due diligence, Petitioner could have discovered this alleged error well within the one-year period. Thus, converting Petitioner's motion into one under § 2255 cannot save his claim.

Petitioner's claim for ineffective assistance of counsel is similarly untimely. Petitioner's ineffective assistance of counsel claim hinges on Petitioner's assertion that he was unaware of his conditions of supervised release until last year. Again, with due diligence, Petitioner could have discovered this purported error well within the statutory limitation period. His claim for ineffective assistance of counsel is therefore untimely. Because the motion and records of the case conclusively show that Petitioner is not entitled to relief, an evidentiary hearing on Petitioner's motion is not necessary.[13]

## B.    The Court Has No Authority to Grant Petitioner Early Release

---

[12] 28 U.S.C. § 2255(f).

[13] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (citing 28 U.S.C. § 2255).

Finally, Petitioner requests that the Court amend his sentence due to the "extraordinary and compelling" circumstance of the COVID-19 pandemic. Although the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow defendants to seek early release from prison, certain conditions must first be met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[14] The administrative exhaustion requirement is jurisdictional and cannot be waived.[15] Here, Petitioner presents no evidence that he has requested that the BOP file a motion on his behalf, nor that he has exhausted any administrative rights. The Court therefore has no jurisdiction over Petitioner's request for early release.

## IV.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[16] A petitioner satisfies this burden if " 'reasonable jurists would find the

---

[14] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018); *see also United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[15] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction).

[16] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. *See* 28 U.S.C. § 2253(c)(1).

district court's assessment of the constitutional claims debatable or wrong.' "[17]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner Justin Tatum's Motion for Relief from Judgment Pursuant to Rule 36, Federal Rules of Criminal Procedure and Rule 60(b)(2), (6), Federal Rules of Civil Procedure (Doc. 29) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).